UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) 1:19-cv-22188-KMW |
| [REDACTED], | ) |
| Defendant. | ) |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant [REDACTED] ("Defendant"), by and through counsel, and in response to Plaintiff's First Amended Complaint states as follows:

**Introduction**

1. This is a case about the ongoing and wholesale copyright infringement of Plaintiff's motion pictures by Defendant, initially known only by an IP address.

ANSWER: Defendant admits that this accurately reflects the allegations made by Plaintiff in its First Amended Complaint. Defendant denies having infringed any of Plaintiff's works.

2. Plaintiff, is the owner of award winning, critically acclaimed adult motion pictures.
ANSWER: Defendant does not possess sufficient information to admit or deny the allegations made in this paragraph, and on that basis they are denied.

3. Strike 3's motion pictures are distributed through the *Blacked*, *Tushy*, *Vixen*, and *Blacked Raw* adult websites and DVDs. With more than 20 million unique visitors to its websites each month, the brands are famous for redefining adult content, creating high-end, artistic, and

performer-inspiring motion pictures produced with a Hollywood style budget and quality.

ANSWER: Defendant admits that Plaintiff distributes its motion pictures as described in this paragraph. Defendant does not have sufficient information or knowledge to admit or deny the remaining allegations of this paragraph, and on that basis they are denied.

4. Defendant is, in a word, stealing these works on a grand scale. Using the BitTorrent protocol, Defendant is committing rampant and wholesale copyright infringement by downloading Strike 3's motion pictures as well as distributing them to others. Defendant did not infringe just one or two of Strike 3's motion pictures, but has been recorded infringing 108 movies over an extended period of time.

ANSWER:  Denied.

5. Although Defendant attempted to hide this theft by infringing Plaintiff's content anonymously, Defendant's Internet Service Provider ("ISP"), Cogeco Communications, Inc. (Atlantic Broadband), identified Defendant through his or her IP addresss 69.84.100.213.

ANSWER: Denied.

6. This is a civil action seeking damages under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

ANSWER: Defendant admits this is a civil action and that Plaintiff is seeking damages under the statutes mentioned in this paragraph.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions)

ANSWER: Admitted.

8. This Court has personal jurisdiction over Defendant because Defendant used an Internet Protocol address ("IP address") traced to a physical address located within this District to commit copyright infringement. Therefore (i) Defendant committed the tortious conduct alleged in this Complaint in this State; and, (ii) Defendant resides in this State and/or; (iii) Defendant has engaged in substantial – and not isolated – business activity in this State.

ANSWER: Defendant admits that this Court has jurisdiction over him. Defendant denies committing the "tortious conduct" alleged in Plaintiff's First Amended Complaint. Defendant admits that he lives and works in the state.

9. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this district because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State. Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

ANSWER: Defendant admits that venue is proper in this District.

**Parties**

10. Strike 3 is a Delaware limited liability company located at 2140 S. Dupont Hwy, Camden, DE.

ANSWER: Defendant does not possess sufficient information to admit or deny the allegations contained in this paragraph, and on that basis they are denied.

11. Defendant, [REDACTED], is an individual residing at [REDACTED].

ANSWER: Admitted.

## Factual Background

### *Plaintiff's Award-Winning Copyrights*

12. Strike 3's subscription-based websites proudly boast a paid subscriber base that is one of the highest of any adult-content sites in the world. Strike 3 also licenses its motion pictures to popular broadcasters and Strike 3's motion pictures are the number one selling adult DVDs in the United States.

ANSWER: Defendant does not possess sufficient information to admit or deny the allegations contained in this paragraph, and on that basis they are denied.

13. Strike 3's motion pictures and websites have won numerous awards, such as "best cinematography," "best new studio," and "adult site of the year." One of Strike 3's owners, three-time director of the year Greg Lansky, has been dubbed the adult film industry's "answer to Steven Spielberg."

ANSWER: Defendant does not possess sufficient information to admit or deny the allegations contained in this paragraph, and on that basis they are denied.

14. Strike 3's motion pictures have had positive global impact, leading more adult studios to invest in better content, higher pay for performers, and to treat each performer with respect and like an artist.

ANSWER: Defendant does not possess sufficient information to admit or deny the

allegations contained in this paragraph, and on that basis they are denied.

15.     Unfortunately, Strike 3, like a large number of other makers of motion picture and television works, has a major problem with Internet piracy. Often appearing among the most infringed popular entertainment content on torrent websites, Strike 3's motion pictures are among the most pirated content in the world.

ANSWER: Defendant does not possess sufficient information to admit or deny the allegations contained in this paragraph, and on that basis they are denied.

16.     BitTorrent is a system designed to quickly distribute large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users.

ANSWER: Defendant admits that this is an accurate general description of how the BitTorrent protocol works. Defendant denies using the BitTorrent protocol to infringe any of Plaintiff's copyrights.

17.     To use BitTorrent to download a movie, the user has to obtain a "torrent" file for that movie, from a torrent website. The torrent file contains instructions for identifying the Internet addresses of other BitTorrent users who have the movie, and for downloading the movie from those users. Once a user downloads all of the pieces of that movie from the other BitTorrent users, the movie is automatically reassembled into its original form, ready for playing.

ANSWER: Defendant denies that this is a completely accurate description of how the BitTorrent protocol operates, though it is accurate to state that after a BitTorrent user downloads

all of the pieces of any file, the program or site they are using assembles them into a complete copy of the file.

18.     BitTorrent's popularity stems from the ability of users to directly interact with each other to distribute a large file without creating a heavy load on any individual source computer and/or network. It enables Plaintiff's motion pictures, which are often filmed in state of the art 4kHD, to be transferred quickly and efficiently. Moreover, BitTorrent is designed so that the more files a user offers for download to others, the faster the user's own downloads become. In this way, each user benefits from illegally distributing other's content and violating copyright laws.

ANSWER: Defendant does not possess sufficient information to admit or deny the allegations contained in this paragraph, and on that basis they are denied.

19.     Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

ANSWER: Defendant denies that the cryptographic hash values assigned to each piece are always unique.

20.     The cryptographic hash value of the piece ("piece hash") acts as that piece's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each piece is properly routed amongst BitTorrent users as they engage in file sharing.

ANSWER: Defendant admits this is a generally accurate statement regarding hash values, but denies that every digital file has one single "possible" cryptographic hash value correlating to it.

21. The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete the downloading of all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

ANSWER: Denied.

22. Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures.

ANSWER: Denied.

23. Plaintiff's investigator, IPP International U.G. ("IPP") established direct TCP/IP connections with the Defendant's IP address as outlined on Exhibit A while Defendant was using the BitTorrent file distribution network.

ANSWER: Denied.

24. While Defendant was infringing, IPP downloaded from Defendant one or more pieces of the digital media files containing Strike 3's motion pictures listed on Exhibit A ("Works").

ANSWER: Denied.

25. A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched the file hash downloaded by Defendant.

ANSWER: Defendant does not possess sufficient information to admit or deny the allegations contained in this paragraph, and on that basis they are denied.

26. Defendant downloaded, copied, and distributed a complete copy of Plaintiff's Works without authorization.

ANSWER: Denied.

27. At no point was Plaintiff's copyrighted content uploaded by IPP to any BitTorrent user.

ANSWER: Defendant does not possess sufficient information to admit or deny the allegations contained in this paragraph, and on that basis they are denied.

28. The digital media files have been verified to contain a digital copy of a motion picture that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted Works.

ANSWER: Defendant does not possess sufficient information to admit or deny the allegations contained in this paragraph, and on that basis they are denied.

29. Defendant's infringement is continuous and ongoing. Absent this lawsuit, Plaintiff knows of no way to effectively prevent Defendant from infringing Plaintiff's motion pictures.

ANSWER: Denied.

30. Plaintiff owns the copyrights to the Works and the Works have either been registered with the United States Copyright Office or have pending copyright registrations. The United States Copyright Office registration information for the Works, including the registration number, is outlined on Exhibit A.

ANSWER: Defendant does not possess sufficient information to admit or deny the

allegations contained in this paragraph, and on that basis they are denied.

31. For Plaintiff's Works that are still pending registration, a complete application, fees, and deposit materials for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, et seq. The application number is listed on Exhibit A.

ANSWER: Defendant does not possess sufficient information to admit or deny the allegations contained in this paragraph, and on that basis they are denied.

32. Plaintiff is entitled to seek statutory damages and attorneys' fees under 17 U.S.C. § 501 of the United States Copyright Act.

ANSWER: Denied.

33. Plaintiff's investigator logged BitTorrent network activity emanating from Defendant's IP address. Collectively, this evidence is referred to as the "Additional Evidence."

ANSWER: Defendant does not possess sufficient information to admit or deny the allegations in this paragraph, and as such they are denied.

34. The Additional Evidence contains content which correlates to Defendant's profession. Indeed, Defendant's social media profile establishes that Defendant is a Systems and Electrical Engineer. And, Plaintiff's Additional Evidence lists numerous e-books related to engineering, including but not limited to, "Engineering Fundamentals of the Internal Combustion Engine[,]" "Electrical Safety Code Manual(2010)BBS.pdf[,]" "Software Engineering 9th edition [Ura].pdf[,]" "What Every Engineer Should Know About Excel,

Second Edition – Tr[,]" "Electrical Safety Code Manual(2010)BBS.pdf[,]" and "Powerboater's Guide to Electrical Systems 2ed 2007 Sherman 0470516133.pdf[.]"

ANSWER:   Defendant does not possess sufficient information to admit or deny the allegations in this paragraph, and as such they are denied.

35.   Based on the foregoing information, discovery will likely show that Defendant is the person who used BitTorrent in the house from where the infringement emanated. Consequently, discovery will likely show that Defendant is the person who infringed Plaintiff's copyrighted works through the use of BitTorrent.

ANSWER: Denied.

## COUNT I
## Direct Copyright Infringement

36.   The allegations contained in paragraphs 1-35 are hereby re-alleged as if fully set forth herein.

ANSWER: Defendant re-alleges his answers to paragraphs 1-35 as if fully set forth herein.

37.   Plaintiff is the owner of the Works, which is an original work of authorship.

ANSWER: Defendant does not possess sufficient information to admit or deny the allegations contained in this paragraph, and on that basis they are denied.

38.   Defendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol.

ANSWER: Denied.

39.     At no point in time did Plaintiff authorize, permit or consent to Defendant's copying, distribution, performance and/or display of its Works, expressly or otherwise.

ANSWER: Denied.

40.     As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A)     Reproduce its Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)     Distribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)     Perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works' audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)     Display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display). Defendant's infringements were committed "willfully" within the meaning of 28 U.S.C. § 504(c)(2).

ANSWER: Denied, including as to each subpart.

41.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

ANSWER: Denied.

42. In response to Plaintiff's prayer for relief, beginning with the word "WHEREFORE" near the bottom of page 7 of Plaintiff's First Amended Complaint, and including sub-paragraphs A-F, Defendant answers as follows: Denied. Defendant denies infringing Plaintiff's copyrights and denies that Plaintiff is entitled to any of the relief requested in its prayer for relief.

43. Any allegation contained in Plaintiff's First Amended Complaint not admitted or denied above is hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Misuse of Copyright

1. The goal of copyright law is to promote the arts and technology by providing exclusive rights for a certain amount of time.

2. The goal of copyright law is not to facilitate the creation of alternative revenue streams for creators of computer code.

3. Upon information and belief, Plaintiff's goal in filing this lawsuit and others like it is not a judgment on the merits. Instead, Plaintiff uses the Federal Court system to coerce settlements.

4. Upon information and belief, this lawsuit, like the many other Strike 3 suits, is a vehicle to create an alternative revenue stream rather than to promote the arts and technology.

5. Accordingly, Plaintiff is attempting to impermissibly expand the use of copyright for improper means.

6. For these reasons, Plaintiff should take nothing on its Complaint.

### Second Affirmative Defense - Unconstitutionally Excessive Damages

7. Plaintiff's claims are barred insofar as they seek statutory damages that are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process Clause of the United States Constitution.

### Third Affirmative Defense - De Minimis

8. Defendant stands accused of providing small portions of data corresponding to the copyrighted works to Plaintiff's investigators.

9. These pieces may prove to be of minimal creativity or protectable elements. Plaintiff cannot prove any actual financial loss from the alleged infringement, and any such damage would be limited to a small fee for membership on Plaintiff's websites.

10. Upon information and belief, Plaintiff's experts, IPP International, collects pieces no larger than 16 kilobytes in size.  A 16 kilobyte piece is too small to be viewed on any movie player, and thus none of the pieces Plaintiff's expert allegedly received from Defendant's IP address could possibly have been evaluated to determine whether they contain video or audio material that is original and is a constituent component of any of the works listed on Exhibit A to its First Amended Complaint.

11. Without any admission whatsoever, Defendant asserts that any 16 kilobyte pieces Plaintiff's experts allege were collected from his IP address are minimal and Plaintiff should take nothing based on the doctrine of *de minimis non curat lex.*

### Fourth Affirmative Defense - Failure to Mitigate Damages

12. Plaintiff has hired IPP International UG ("IPP") to monitor the Internet for activities that allegedly infringe on its copyrights.

13. IPP has managed to monitor the Internet sufficiently to provide Plaintiff with information that Plaintiff has used to bring myriad cases throughout the United States and identified Defendant's IP Address as allegedly infringing some time ago.

14. Plaintiff failed to take any steps to mitigate its damages.

15. In particular, Plaintiff failed to make use of the inexpensive takedown processes provided by the Digital Millennium Copyright Act.

16. Further, unlike other industry participants such as the Recording Industry Association of America and the Motion Picture Association of America, Plaintiff has, upon information and belief, failed to engage in the "Six-Strikes Copyright Alert System," or any other similar system.

17. Having failed to mitigate its damages, Plaintiff is entitled to no relief.

### Fifth Affirmative Defense - No Infringement

18. Defendant has not engaged in or contributed to any infringement of the copyrights alleged.

### Sixth Affirmative Defense - Failure to State a Cause of Action

19. The facts alleged by Plaintiff are insufficient to state a cause of action against Defendant. Notably, Plaintiff admits in its Complaint that it did not download any entire film from Defendant.

20. Moreover, Plaintiff has failed to allege that any evidence allegedly collected from Defendant was ever evaluated or could ever be evaluated to determine whether it constitutes copyright infringement.

### Seventh Affirmative Defense - Failure to Join Indispensable Parties

21. Plaintiff has failed to join indispensable parties, namely other participants in the so-called swarms. Particularly, Plaintiff has failed to join the individuals from whom its expert downloaded the actual copies of the works listed on Exhibit A for comparison to the original work as alleged in its original motion for early discovery and in its First Amended Complaint.

### Eighth Affirmative Defense - Statutory Relief Not Available

22. The one-satisfaction rule operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury. Plaintiff is barred from seeking statutory damages, costs, and/or attorney's fees under 17 U.S.C. § 504 to the extent plaintiff has already recovered for alleged infringements in prior actions or settlements.

23. Moreover, insofar as Plaintiff has received an award for statutory damages against other "swarm" participants transferring any particular film, Plaintiff's recovery should be limited to Defendant's portion of that statutory award.

### Ninth Affirmative Defense - No Willful Infringement

24. Without admitting any wrongdoing, any infringement by Defendant was innocent and not willful.

25. Defendant was not aware and had no reason to believe that any of his acts constituted an infringement of copyright, and denies that any action he allegedly took did constitute copyright infringement.

### Tenth Affirmative Defense - Acquiescence

26. Plaintiff's claims are barred by the doctrine of acquiescence.

27. Plaintiff knew of their films being downloaded and did nothing.

### Eleventh Affirmative Defense - Estoppel

28. Plaintiff's claims are barred by the doctrine of estoppel. Without admitting any infringement, Defendant alleges that, though Plaintiff knew the facts of any alleged file-sharing by Defendant and/or others using Defendant's Internet connection, Plaintiff acted in such a manner that Defendant and/or third parties were entitled to, and did, believe that the continued availability of the copyrighted work on BitTorrent was intended by Plaintiff, and any actions to download were induced by, and done in reliance on, Plaintiff's conduct.

## Twelfth Affirmative Defense - Unclean Hands

29. Plaintiff's claims are barred by the doctrine of unclean hands.

30. Upon information and belief, Plaintiff obtained the information and data used to justify bringing this case by paying an unlicensed private investigator in violation of California state law and in violation of the European Union law known as the GDPR (General Data Protection Regulation.)

## Thirteenth Affirmative Defense - Lack of Volitional Act

31. Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

## Fourteenth Affirmative Defense - Injunctive Relief Not Warranted

32. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

33. Moreover, the "Most Recent Hit UTC" attached to Plaintiff's First Amended Complaint suggests that any purported infringement is no longer ongoing.

## Fifteenth Affirmative Defense - Intervening Causes

34. Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of and the

damages sought by Plaintiff in this Complaint and each such separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

Additional Defenses

35.Defendant reserves the right to supplement and/or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and pleadings in this action.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in his favor and against Strike 3 Holdings, LLC, providing as follows:

A.Plaintiff take nothing from its complaint and its claims be dismissed with prejudice;

B.Declaring that Defendant is not liable for infringing Plaintiff's copyrights;

C.That Plaintiff has misused its copyrights and they should be unenforceable;

D.Awarding Defendant his costs and reasonable attorney's fees incurred during this action;

E.Awarding Defendant all damages resulting from Plaintiff's actions complained of; and

F.Any other relief this Court deems just and proper.

## Demand for Jury Trial

Under Federal Rule of Civil Procedure 38, and any other applicable Rule or law, Defendant demands a trial by jury as to any issue triable by a jury.

Respectfully submitted,


/s/ Bradford A. Patrick
Bradford A. Patrick, Esq.
LAW OFFICE OF BRADFORD A. PATRICK, PA
Attorney for John Doe
Florida Bar No.: 0529850
10312 Bloomingdale Avenue
Suite 108, MS 336
Riverview, Florida 33578
Tel : 813-384-8548
bap@baplegal.com

CERTIFICATE OF
SERVICE

This is to certify that on December 30, 2019, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

/s/ Bradford A. Patrick

CM/ECF Service List:

Ms. Rachel E. Walker
SMGQ LAW
218 NW 24th Street
Miami, FL 33127
Tel.: 305-377-1000
Fax: 855-327-0391
Email: rwalker@smgqlaw.com
Counsel for Plaintiff